IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES A. FILHIOL,<br><br>            Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, NDocs Director; ANY UNKNOWN NDOCS EMPLOYEES INVOLVED IN MY CLASSIFICATION PROCESS AT NDOCS,  ANY AND ALL UNKNOWN MEDICAL STAFF AWARE OF MY CURRENT MEDICAL CONDITIONS WHO WORK FOR OR ARE CONTRACTED THROUGH THE NDOCS, and  ANY AND ALL UNKNOWN HALL COUNTY NEBRASKA CORRECTIONS STAFF AND MEDICAL STAFF AND ADMINISTRATORS INVOLVED IN THIS CLAIM,<br><br>            Defendants. | 8:16CV460<br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff filed his Complaint on October 11, 2016. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 6.) Plaintiff filed a Supplement to his Complaint. (Filing No. 17.) The court now conducts an initial review of Plaintiff's Complaint and Supplement to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

      At the time of his Complaint, Plaintiff was a prisoner at the Diagnostic and Evaluation Center ("D&E") in Lincoln, Nebraska. (Filing No. 1 at CM/ECF p. 3.)

He is now a prisoner at a facility in McCook, Nebraska. (Filing No. 15.) Plaintiff identifies no individual defendants in his Complaint other than Scott Frakes, Director of the Nebraska Department of Correctional Services ("NDCS"). (Filing No. 1 at CM/ECF pp. 3-4, 6.)

Plaintiff asserts that a NDCS case manager classified him to the "county program" despite staff at D&E being aware of his chronic, severe asthma. (*Id*. at pp. 5-6.) Plaintiff alleges that he was subsequently placed at the Hall County Jail where another inmate assaulted him on September 3, 2016. (*Id*. at CM/ECF p. 6.) Plaintiff claims that he suffered severe burns to his body and asthma attacks from the assault. (*Id*.) He admits that Hall County Jail took him to the emergency room that same day. (*Id*.) He alleges, however, that he was not provided his inhaler and that he was placed in segregation from September 3rd to September 7th without additional treatment. (*Id*.) Plaintiff states that Hall County Jail did not contact NDCS about the assault until September 7th. (*Id*.) He states that NDCS took him to a burn hospital, where he was treated from September 8th until September 13th. (*Id*.) Plaintiff claims that he had several asthma attacks at Hall County Jail, and he was not allowed to carry his inhaler on him. (Filing No. 17 at CM/ECF p. 2.)

Plaintiff seeks monetary damages against unknown NDCS and Hall County Jail employees. (Filing No. 1 at CM/ECF p. 6.) He seeks damages against Frakes for "instituting and carr[y]ing out" an "illegal policy" of placing "convicted and state committed prisoners" into county jails due to overcrowding. (*Id*.) Plaintiff also would like microwaves banned from the prison facility and inmates denied access to cleaning chemicals. (Filing No. 17 at CM/ECF p. 1.)

## II. APPLICABLE STANDARDS OF REVIEW ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any

portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

The court understands that Plaintiff asserts Eighth Amendment claims of deliberate indifference to his serious medical needs. However, Plaintiff's claims

3

primarily fail because he does not identify any personal involvement by any individual. *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (stating that prisoner must allege defendants' personal involvement or responsibility for the constitutional violations to state a § 1983 claim); *see also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions."). The court cannot analyze Plaintiff's claims without knowing who they are against and each individual's personal involvement. His conclusory allegations against Frakes are insufficient. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (finding that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability).

The court will permit Plaintiff to amend his Complaint to state a claim upon which relief may be granted. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint and Supplement**. Plaintiff is also warned that he has no constitutional right to be housed in any particular prison or to receive a particular classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245, (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Allegations suggesting that staff acted negligently or refused to follow Plaintiff's requested course of treatment are also insufficient to support an Eighth Amendment claim. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that mere negligence or medical malpractice are insufficient to rise to a constitutional violation); *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (stating that "an inmate's mere disagreement with the course of his medical treatment fails to state a claim of deliberate indifference").

IT IS THEREFORE ORDERED that:

1.      Plaintiff shall file an amended complaint by **April 9, 2017**, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

4

2. The clerk of the court is directed to set a pro se case management deadline using the following text: **April 9, 2017**, check for amended complaint.

Dated this 10th day of March, 2017.

                                        BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        Senior United States District Judge