IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| CHARLES A. FILHIOL, | |
|---|---|
| Plaintiff, | 8:16CV460 |
| vs. | |
| ANY UNKNOWN NDOCS EMPLOYEES INVOLVED IN MY CLASSIFICATION PROCESS AT NDOCS, ANY AND ALL UNKNOWN MEDICAL STAFF AWARE OF MY CURRENT MEDICAL CONDITIONS WHO WORK FOR OR ARE CONTRACTED THROUGH THE NDOCS, ANY AND ALL UNKNOWN HALL COUNTY NEBRASKA CORRECTIONS STAFF AND MEDICAL STAFF AND ADMINISTRATORS INVOLVED IN THIS CLAIM, and TODD BAHENSKY, Director of Hall County Department of Corrections; | MEMORANDUM AND ORDER |
| Defendants. | |

In accordance with the court's Memorandum and Order dated June 5, 2017 ([Filing No. 28](#)), Defendant Todd Bahensky has provided to the court the names of any staff at HCDC, both corrections and medical, who were personally involved in (1) the decision to confine Plaintiff in segregation from September 3rd to September 7th of 2016, and (2) Plaintiff's treatment and care during that same period of time. Accordingly,

1. Plaintiff's Eighth Amendment claim for deliberate indifference to serious medical needs (i.e. burn treatment) will proceed to service of process

against the following Hall County Department of Corrections employees in their official and individual capacities: Sergeant Aaron Gray, Classifications Officer Troy Taylor, Classifications Sergeant Jason Conley, Travis Milem, Eddy Champion, Sarah Hood (Blodgett), and Sergeant Darla Sparr. Plaintiff's Eighth Amendment claim for deliberate indifference to serious medical needs (i.e. burn treatment) will proceed to service of process against the following Advanced Correctional Health Care employees in their official and individual capacities: Barbara Lurz, Tammy Bader, Destinee Chappa, Lacy Broeker, Nichole Love, and Angela Maciejewski.

2. For service of process on Defendants Sergeant Aaron Gray, Classifications Officer Troy Taylor, Classifications Sergeant Jason Conley, Travis Milem, Eddy Champion, Sarah Hood (Blodgett), Sergeant Darla Sparr, Barbara Lurz, Tammy Bader, Destinee Chappa, Lacy Broeker, Nichole Love, and Angela Maciejewski in their official capacities, the clerk of the court is directed to complete 13 summons forms and 13 USM-285 forms for Defendants Gray, Taylor, Conley, Milem, Champion, Hood (Blodgett), Sparr, Lurz, Bader, Chappa, Broeker, Love, and Maciejewski using the address "Hall County Clerk, 121 South Pine Street, Grand Island, NE 68801," and forward them together with a copy of the Complaint (Filing No.1), Supplement (Filing No. 17), Amended Complaint (Filing No. 21), and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendants Gray, Taylor, Conley, Milem, Champion, Hood (Blodgett), Sparr, Lurz, Bader, Chappa, Broeker, Love, and Maciejewski in their official capacities at the Hall County Clerk, 121 South Pine Street, Grand Island, NE 68801.** *See* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-510.02 (Reissue 2016).[1]

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589

3. For service of process on Defendants Sergeant Aaron Gray, Classifications Officer Troy Taylor, Classifications Sergeant Jason Conley, Travis Milem, Eddy Champion, Sarah Hood (Blodgett), Sergeant Darla Sparr, Barbara Lurz, Tammy Bader, Destinee Chappa, Lacy Broeker, Nichole Love, and Angela Maciejewski in their individual capacities, the clerk of the court is directed to complete 13 summons forms and 13 USM-285 forms for Defendants Gray, Taylor, Conley, Milem, Champion, Hood (Blodgett), Sparr, Lurz, Bader, Chappa, Broeker, Love, and Maciejewski using the address "Hall County Department of Corrections, 110 Public Safety Drive, Grand Island, NE 68801," and forward them together with a copy of the Complaint (Filing No.1), Supplement (Filing No. 17), Amended Complaint (Filing No. 21), and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendants Gray, Taylor, Conley, Milem, Champion, Hood (Blodgett), Sparr, Lurz, Bader, Chappa, Broeker, Love, and Maciejewski personally in their individual capacities at the Hall County Department of Corrections, 110 Public Safety Drive, Grand Island, NE 68801.** Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

---

Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

5. The clerk of the court is directed to add the individuals named in Paragraph 1 as defendants in this matter. All current defendants, *except for Todd Bahensky*, shall be terminated in this matter.

6. The clerk of the court is directed to set the following pro se case management deadline: October 10, 2017: check for completion of service of process.

Dated this 12th day of July, 2017.

                                              BY THE COURT:

                                              s/ *Richard G. Kopf*
                                              Senior United States District Judge